Victor J. Orgera, J.
This matter was submitted to the court on a stipulated set of facts. Briefly stated, they are: that the parties entered into a written agreement which provided that for a price of $356, payable in 12 equal monthly payments, defendants would have immediate membership in plaintiff spa and be entitled to enjoy its facilities; that within 72 hours after signing the agreement defendants notified plaintiff of their election to cancel and rescind the agreement and demanded the return of their down payment.
The defendants contend that section 226.9 of title 12 of the Code of Federal Regulations, Regulation Z of the Federal Reserve Board, entitled, "Right to Rescind Certain Transactions,” applies to the afore-mentioned agreement. Plaintiff argues that it has no application. The stipulation provides that this is the sole issue to be determined by the court and that judgment shall be rendered for the party in whose favor the issue is determined.
The pertinent part of section 226.9 of title 12 of the Code of Federal Regulations reads as follows: "(a) General rule. Except as otherwise provided in this section, in the case of any credit transaction in which a security interest is or will be retained or acquired in any real property which is used or is expected to be used as the principal residence of the customer, the customer shall have the right to rescind that transaction until midnight of the third business day”. (Emphasis added.)
Defendants hypothesize that upon their default, the plaintiff could obtain a money judgment against them, file the same, and thereby obtain a lien on their residence. They argue that such a lien would be a "security interest” which "will be retained or acquired” and therefore the transaction is within the protection of the regulation.
To ascertain the application and scope of the regulation, resort is had to the enabling legislation, known as the Truth *1099 In Lending Act of 1968 (82 US Stat 146). It declared as its purpose the "meaningful disclosure of credit terms” (§ 102) and authorized the Federal Reserve Board to prescribe regulations for its implementation (§ 105).
Section 125 of the act provides, in part: "(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction”. And "(b) When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.” (Emphasis supplied.)
The act itself contains no definition of security interest and makes no reference to liens.
The reason that the Federal Reserve Board changed the verb tense of subdivision (a) of section 125 from "is” to "will” becomes clear when the board’s interpretive Regulation 226.202 (12 CFR 226.202) is considered. It provides, in part:
"(a) * * * 'security interest’ is defined to include confessed liens whether or not recorded and, in general, to include any interest in property which secures payment or performance of an obligation * * *
"(b) In some of the States, confession of judgment clauses or cognovit provisions are lawful and make it possible for the holder of an obligation containing such clause or provision to record a lien on property of the obligor simply by recordation entry of judgment; the obligor is afforded no opportunity to enter a defense against such action prior to entry of the judgment.”
Having included confession of judgment as a security interest it was necessary to change the word "is” to "will” as confessions of judgment are ordinarily not entered until after default and, hence, after the credit transaction. Nevertheless, although the filing is subsequent to the transaction the secu *1100 rity interest (i.e., confession of judgment) arose out of and was created simultaneously with the credit transaction.
The contract, which is in evidence, contains no right of rescission, makes no reference to real property and is not coupled with a confession of judgment or other security interest.
The court concludes that for Regulation Z to apply, there must have been a security interest arising under and created simultaneously with the credit transaction. No such security interest was created under the facts of this case. The court finds that Regulation Z does not apply to this transaction.
Accordingly, judgment is rendered in favor of plaintiff.
Submit judgment.